[Civ. No. 6120. Second Appellate District, Division One.—November 21, 1930.]

EMMA MINA BEYER, Appellant, v. CRIS CARRASCO, etc., et al., Defendants; FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Respondent.

Hugo Platz and J. M. Chatterson for Appellant.

Joe Crider, Jr., and Clarence B. Runkle for Respondent.

YORK, J.—Plaintiff and appellant has appealed from an order of the Superior Court of Los Angeles County granting a motion for a change of venue to the county of Inyo, on the ground of the convenience of witnesses. The objection of the plaintiff is set forth in the objection filed by appellant in the lower court, to the motion for change of venue, which objection also contained a notice of counter-motion to retain the cause in Los Angeles County, on the ground of convenience of witnesses and on the further ground of disqualifica-

tion of the judge of Inyo County by reason of his interest in said action and that the ends of justice will not be promoted by such a change.

This counter-motion was presented upon the affidavit of one of the attorneys for plaintiff and upon stipulation of the plaintiff as to what the testimony of defendants' witnesses would be.

The affidavit of the attorney for defendant and respondent, filed in support of defendant's motion for a change of venue, recites the fact that the plaintiff's cause of action is based upon the alleged liability of the defendant, Fidelity and Deposit Company of Maryland, as surety upon the official bond of the public administrator of the county of Inyo; that all of the transactions involved in the cause occurred in the county of Inyo; that certain persons are necessary and material witnesses and that said defendant intends to call each one of same at the trial of said cause, and that they are each and all residents of Inyo County; that the plaintiff is not a resident of the state of California, as shown by her complaint, and that a change of the place of the trial cannot work a hardship or inconvenience upon the plaintiff; that the defendant Fidelity and Deposit Company of Maryland is sued herein as surety and that the person primarily liable to plaintiff, if any, is the defendant Carrasco, a resident of the county of Inyo, and that notwithstanding the dismissal of the defendant Carrasco filed herein by the plaintiff, that Carrasco is the person primarily interested in the defense of this action and will be liable to reimburse the defendant Fidelity and Deposit Company of Maryland for any judgment rendered against and paid by the defendant corporation; that certain books and records of the Inyo County Bank at Bishop, in the county of Inyo, are in the custody of a special deputy state superintendent of banks in charge of liquidation of the Inyo County Bank; that it is necessary for the defendants in presenting their defense to use the books and records of the county treasurer of the county of Inyo and the books and records of the Inyo County Bank.

The principal point made by appellant on this appeal is that she has stipulated to all of the evidence indicated by respondent's affidavit. The record does not disclose that such a stipulation has been filed. The stipulation that has

been filed is a qualified stipulation, which contains several conditions which substantially weaken the effect of the stipulation.

Unless there is a clear abuse of discretion by the trial court, the order should not be reversed. A careful examination of the record fails to disclose any ground for appellant to claim that there was any such abuse of discretion by the trial court.

The order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.